

**Olivia R. Singer**
o  212-356-0206
f  646.473.8206
osinger@cwsny.com
www.cwsny.com

909 Third Avenue, 12th Floor • New York, NY 10022-4731

July 25, 2024

Via Electronic Case Filing

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY, 10007

      Re:    *Muckey v. The Philharmonic-Symphony Society of New York, Inc. et al*
            Case No. 1:24-cv-03348 (AS) (RWL) [Rel: Case No. 1:24-cv-03356 (AS) (RWL)]

Dear Judge Subramanian:

      Pursuant to the Court's Notice of May 2, 2024 [Docket No. 8] and Order of July 11, 2024 [Docket No. 30], the parties submit this joint letter.

      1.   Statement of the Case

      In the Complaint, Plaintiff Matthew Muckey ("Plaintiff" or "Muckey") alleges the following causes of action against The Philharmonic-Symphony Society of New York (the "Society") and Associated Musicians of Greater New York, Local 802, American Federation of Musicians ("Local 802" and with the Society, "Defendants"): (1) a hybrid claim pursuant to Section 301 of the Labor Management Relations Act ("LMRA") against (a) the Society for breach of the collective bargaining agreement by its failure to abide by a prior arbitration award in Plaintiff's favor that was final and binding and (b) Local 802 for breach of its duty of fair representation owed to Muckey; (2) a claim against the Society for breach of an employment agreement between Plaintiff and the Society; and (3) claims for *prima facie tort* against (a) the Society and (b) Local 802. Defendants have each moved to dismiss the claims in their entirety with prejudice, as discussed in Section 4 below.

      2.   Jurisdiction and Venue

      The Court has original jurisdiction over the federal causes of action under 28 U.S.C. § 1331. The Court may exercise supplemental jurisdiction over the city and state causes of action under 28 U.S. Code § 1367. Venue is proper since the Southern District of New York is the district where all Defendants reside and where the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391.



3. Deadlines

The initial pretrial conference is currently scheduled for August 1, 2024. On July 10, 2024, the parties filed a letter motion requesting that the Court adjourn this conference in light of the current motion practice [Docket No. 27]. On July 11, 2024, the Court terminated the letter-motion, stating that "Once the parties submit the case-management plan and joint letter that are required to be submitted before the conference, the Court will consider adjourning." [Docket No. 28.] The parties respectfully renew their request to adjourn the initial pretrial conference in light of the Court's Order staying discovery pending disposition of Defendants' motions to dismiss and Plaintiff's anticipated motion for partial summary judgment.

Plaintiff's oppositions to Defendants' motions to dismiss his action are due on July 29, 2024. Defendants' replies are due on September 18, 2024.

Plaintiff anticipates moving for partial summary judgment on July 29, 2024. If Plaintiff does so on or before that date, Defendants' oppositions will be due on September 18, 2024, and Plaintiff's replies will be due on October 16, 2024.

4. Outstanding Motions

On June 5, Local 802 filed a motion to dismiss counts I and IV of Muckey's action [Docket No. 21], and the Society filed a motion to dismiss counts I, II, III, V, and VI of Muckey's action [Docket No. 24].

Defendants' grounds for their motions to dismiss, set forth in their respective memoranda of law [Docket Nos. 23, 25], include: (1) failure to plausibly allege a breach of the collective bargaining agreement by the Society, Muckey's individual employment agreement, and the 2020 arbitration award; (2) failure to plausibly allege a breach of the duty of fair representation by Local 802; (3) failure to plausibly allege a causal connection between Defendants' alleged misconduct and Muckey's damages incurred; (4) preemption of the city- and state-law claims by the federal duty of fair representation and § 301 of the LMRA, (5) failure to plausibly allege a *prima facie* tort claim against either Defendant, (6) failure to satisfy the *Martin v. Curran* doctrine for Muckey's state law claim against Local 802, and (7) that an injunction is a form of relief rather than a claim to be pleaded.

Plaintiff also anticipates moving for summary judgment against both Defendants with respect to its hybrid claims. Defendants intend to oppose that motion, if filed, and to preserve all defenses to Plaintiff's claims.

5. Discovery

The parties held a 26(f) conference on July 12, 2024.

COHEN
WEISS
AND
SIMON
LLP

Page 3

       The parties filed a joint letter motion on July 19, 2024 [Docket No. 34] seeking a stay of discovery pending resolution of the Defendants' respective motions to dismiss the Complaint and the Plaintiff's anticipated motion(s) for relief. The Court granted this letter-motion on July 22, 2024 [Docket No. 35]. Accordingly, there are no pending discovery deadlines, and the parties respectfully submit that it is premature to complete the case-management plan.

6. Settlement

       After discussion, the parties do not believe that settlement is likely at this juncture.

7. Alternative Dispute Resolution

       The parties have discussed the use of alternative dispute resolution mechanisms. The parties do not believe that (a) a settlement conference before a Magistrate Judge, (b) participation in the District's Mediation Program, and/or (c) retention of a privately retained mediator would be productive at this time.

       Respectfully submitted,

       */s/ Olivia R. Singer*

       Olivia R. Singer

CC:    All Counsel of Record (via ECF)