UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X

MATTHEW MUCKEY,

                               Plaintiff,

    -against-

ASSOCIATED MUSICIANS OF GREATER NEW YORK,
LOCAL 802, AMERICAN FEDERATION OF MUSICIANS
and THE PHILHARMONIC-SYMPHONY SOCIETY OF
NEW YORK, INC. a/k/a THE NEW YORK PHILHARMONIC
ORCHESTRA,

                               Defendants.

Case No.:
1:24-CV-03348 (AS) (RWL)

---------------------------------------------------------------------------X

# RESPONSE OF DEFENDANT ASSOCIATED MUSICIANS OF GREATER NEW YORK, LOCAL 802, AMERICAN FEDERATION OF MUSICIANS TO PLAINTIFF MATTHEW MUCKEY'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, Defendant Associated Musicians of Greater New York, Local 802, American Federation of Musicians ("Local 802"), by and through its undersigned counsel, respectfully submits its responses to the allegedly undisputed material facts asserted by Plaintiff Matthew Muckey:

1. Mr. Muckey is employed with The Philharmonic-Symphony Society of New York, Inc. a/k/a The New York Philharmonic Orchestra (the "Philharmonic," "Orchestra" or "Symphony") as the Associate Principal, Third Trumpet of the Philharmonic ("Associate Principal Trumpet"). Complaint of Matthew Muckey dated May 1, 2024 (Doc. No. 1) ("Compl.") ¶¶ 1, 31; Declaration of Matthew Muckey dated July 29, 2024 ("Muckey Decl.") "Muckey Decl.") Muckey Decl., ¶¶ 3, 5.

**Local 802's Response to ¶ 1:**

Admits. Notes, however, that citations to an unverified complaint are not admissible evidence and repeats this objection to the extent Plaintiff cites his complaint in support of any of the following paragraphs.

2.     Mr. Muckey is also an active member of The Associated Musicians of Greater New York, Local 802, American Federation of Musicians ("Local 802" or the "Union").  Compl. ¶¶ 34; Muckey Decl., ¶ 4.

**Local 802's Response to ¶ 2:**

It is unclear what Plaintiff means by the characterization "active member."  Without waiver of this objection and reserving all rights, Local 802 admits that Plaintiff is a member in good standing of Local 802.

3.     The Philharmonic and Local 802 are signatories to a Trade Agreement dated September 21, 2013 (the "Collective Bargaining Agreement" or "CBA"). Compl., ¶ 13; Muckey Decl., ¶ 9, Ex. A.

**Local 802's Response to ¶ 3:**

Admits that the Philharmonic-Symphony Society of New York, Inc (the "Society") and Local 802 were signatories to a Trade Agreement dated September 21, 2013, *see* July 29, 2024 Declaration of Matthew Muckey ("Pl. Decl."), Ex. A, but notes that the current collective bargaining agreement between the Society and Local 802 was entered in 2020 with a term from September 21, 2020 to September 20, 2024, *see* September 18, 2024 Declaration of Sara Cutler ("Cutler Decl."), ¶ 8, Ex. B.

4. In 2010, a probationary player of the Philharmonic, Cara Kizer, made allegations against Mr. Muckey of drugging and sexual misconduct (the "2010 Allegations"). Compl., ¶ 36; Muckey Decl., ¶ 6.

**Local 802's Response to ¶ 4:**

Admits that in 2010, Cara Kizer, a probationary player employed by the Society, accused Plaintiff of sexually assaulting and drugging her.

5. The Philharmonic was aware of the 2010 Allegations. *See* Compl., ¶¶ 8, 39; Muckey Decl., ¶ 8.

**Local 802's Response to ¶ 5:**

Admits that certain individuals employed by the Society at the time were alerted to Kizer's allegations.

6. Mr. Muckey denied the 2010 Allegations. Compl., ¶¶ 5, 37; Muckey Decl., ¶ 9.

**Local 802's Response to ¶ 6:**

Admits.

7. Local authorities investigated the matter. Compl., ¶¶ 5, 37; Muckey Decl., ¶ 7.

**Local 802's Response to ¶ 7:**

Admits.

8. No criminal charges were filed against Mr. Muckey regarding the 2010 Allegations. Compl., ¶ 7; Muckey Decl., ¶ 7.

**Local 802's Response to ¶ 8:**

Admits.

9. The Philharmonic determined at the time not to take any action against Mr. Muckey based upon the 2010 Allegations. Compl., ¶¶ 8, 39; Muckey Decl., ¶ 8.

**Local 802's Response to ¶ 9:**

Admits that the Society did not discipline Plaintiff upon initial notice of Kizer's allegations in 2010.

10.  Mr. Muckey continued in good standing at the Philharmonic until 2018. Compl., ¶ 9, 52; Muckey Decl., ¶ 6.

**Local 802's Response to ¶ 10:**

Admits that Plaintiff continued to hold a tenured position with the Orchestra until his termination in 2018.

11.  In or about 2018, after the allegations resurfaced, the Philharmonic determined to conduct an investigation of the 2010 Allegations. Compl., ¶¶ 11, 40; Muckey Decl., ¶ 8.

**Local 802's Response to ¶ 11:**

Admits that as part of its 2018 investigation the Society investigated the allegations of sexual misconduct made by Cara Kizer against Plaintiff.

12.  After the investigation concluded, the Philharmonic terminated Mr. Muckey's employment on or about September 4, 2018, based upon the 2010 Allegations. Compl., ¶¶ 11, 42;  Muckey Decl., ¶ 8.

**Local 802's Response to ¶ 12:**

Admits that the Society terminated Plaintiff's employment on or about September 4, 2018 and that the Society terminated Plaintiff's employment based in part on the allegations made by Cara Kizer.

13.  The obligation to discipline only for "just cause" was agreed to between the parties pursuant to Article VII (E)(7) of the CBA. Muckey Decl., ¶ 10, Ex. A.

**Local 802's Response to ¶ 13:**

Admits that both the 2013 collective bargaining agreement between the Society and Local 802, Pl. Decl. Ex. A, and the current collective bargaining agreement between the Society and Local 802, entered in September 2020, Cutler Decl. Ex. ¶ 8, Ex. B., provide that the Society can only take disciplinary measures for just cause.

14. Local 802, on behalf of Mr. Muckey, disputed that the termination was based upon "just cause" and invoked his rights pursuant to the CBA to seek Local 802's intervention on his behalf. Compl., ¶¶ 13, 44-45; Muckey Decl., ¶ 11.

**Local 802's Response to ¶ 14:**

Admits that Local 802 filed a grievance on behalf of Plaintiff challenging the Society's termination of Plaintiff for lack of just cause.

15. Pursuant to Article XV of the CBA, the parties agreed that "in the event that the dispute should remain unresolved, it may be submitted by the Union or the Society to an Arbitrator appointed by the American Arbitration Association in accordance with its Voluntary Labor Arbitration Rules." Compl., ¶ 46; Muckey Decl., ¶ 12, Ex. A.

**Local 802's Response to ¶ 15:**

Admits.

16. Also, pursuant to Article XV of the CBA, the parties agreed that, "the decision of the Arbitrator shall be final and binding upon the Society, the Union and the individual Orchestra member involved…" Compl., ¶ 47; Muckey Decl., ¶ 13, Ex. A.

**Local 802's Response to ¶ 16:**

Admits.

17. After the dispute of whether there was "just cause" to discipline Mr. Muckey remained unresolved, Local 802 submitted a grievance on Mr. Muckey's behalf to arbitration pursuant to the CBA. Compl., ¶¶ 13, 46; Muckey Decl., ¶ 14.

**Local 802's Response to ¶ 17:**

Admits.

18. Local 802 and the Philharmonic selected Richard I. Bloch, Esq. as the arbitrator ("Arbitrator Bloch"). Compl., ¶ 48; Muckey Decl., ¶ 15.

**Local 802's Response to ¶ 18:**

Admits.

19. The Philharmonic and Local 802 participated in a full hearing which encompassed a total of twenty (20) hearing days. Compl., ¶¶ 49-50; Muckey Decl., ¶ 15.

**Local 802's Response to ¶ 19:**

Admits.

20. Arbitrator Bloch commenced an evidentiary hearing to determine whether the 2010 Allegations constituted "just cause" to terminate Matthew Muckey. Compl., ¶ 49; Muckey Decl., ¶ 15.

**Local 802's Response to ¶ 20:**

Admits that Arbitrator Bloch held an evidentiary hearing to determine whether the Soicety had just cause to terminate Plaintiff based in part on the 2010 allegations made against Plaintiff by Cara Kizer.

21. After the full hearing had concluded, Arbitrator Bloch issued a final binding opinion and award dated April 4, 2020 (the "Award") that determined that the Philharmonic did not sustain its burden that the 2010 Allegations constituted just cause to terminate Mr. Muckey

and ordered that Mr, Muckey be reinstated by the Philharmonic and made whole for all contractual benefits lost, including full back pay and seniority. Compl., ¶¶ 14, 51; Muckey Decl., ¶¶ 16-18.

**Local 802's Response to ¶ 21:**

Admits that Arbitrator Bloch held in his 2020 opinion and award that the Society had not demonstrated by "clear and convincing" evidence that it had just cause to terminate Plaintiff and Liang Wang ("Wang"). Cutler Decl. ¶2. Further notes that the arbitrator also stated: "Nothing in this opinion should be read as concluding that all doubt has been removed concerning the actions of the grievants in this matter." *Id*. Admits that Arbitrator Bloch ordered the Society to reinstate Plaintiff and to make Plaintiff whole for all contractual benefits lost including full back pay and seniority.

22.     Based upon the Award and in conformity with its obligations pursuant to the CBA, in 2020, the Philharmonic restored Mr. Muckey to his tenured position, restored his seniority and, on or about June 4, 2020, remitted full back pay to him for the period during which he was wrongfully terminated. Compl., ¶¶ 16, 52; Muckey Decl., ¶ 19.

**Local 802's Response to ¶ 22:**

Admits that, in accordance with the Award, the Society reinstated Plaintiff to his tenured position, restored his seniority and remitted full back pay to him for the period from his termination until issuance of the Award.

23.     Mr. Muckey resumed his position as a tenured member of the Philharmonic as Associate Principal and Third Trumpet. Compl., ¶¶ 17, 52; Muckey Decl., ¶ 19.

**Local 802's Response to ¶ 23:**

Admits.

24. Thereafter, for four years, Mr. Muckey maintained his position at the Philharmonic, participated in all activities of the orchestra, and was assigned to play in the season concerts of the Philharmonic in the ordinary course. Compl., ¶¶ 17, 52; Muckey Decl., ¶ 20.

**Local 802's Response to ¶ 24**:

Admits that Plaintiff has held a tenured position with the Society since his reinstatement in 2020 and has played in season concerts of the Society. Plaintiff's characterization that he participated in "all activities of the orchestra" is unsupported by admissible evidence as required under Fed. R. Civ. P. 56(c) and Local Rule 56.1(d).

25. On April 12, 2024, an article appeared in *Vulture*, a *New York* magazine website ("*Vulture*") which described the 2010 Allegations against Muckey that had been the subject of the Award. Compl., ¶ 18, 53; Muckey Decl., ¶ 24, Ex. F.

**Local 802's Response to ¶ 25**:

Refers to the article for its contents. Admits that the April 12 *Vulture* article described certain aspects of Kizer's 2010 sexual assault allegations against Plaintiff and that one of the subjects of the 2020 arbitration opinion and award was the 2010 allegations of sexual assault made by Cara Kizer against Plaintiff.

26. The next day, on April 13, 2024, Howard Z. Robbins ("Mr. Robbins"), the attorney for the Philharmonic, sent an email to Mr. Muckey's attorney which stated as follows:

> I am writing to confirm that Mr. Muckey should not attend Philharmonic rehearsals or performances until further notice.

Compl., ¶ 55; Muckey Decl., ¶ 29; Declaration of Jacqueline C. Gerrald dated July 29, 2024 ("Gerrald Del"), Ex. B.

**Local 802's Response to ¶ 26**:

Refers to the document for its contents. Local 802 does not dispute that the document includes the language quoted above.

27. Also, on April 13, 2024, the Philharmonic's President and Chief Executive Officer, Gary Ginstling, sent an email addressed to "NY Phil Colleagues," which stated the following:

> Dear NY Phil Colleagues,
>
> Please note that for the time being, Matthew Muckey and Liang Wang will not be at rehearsals or performances.
>
> Thank you,
>
> Gary

Compl., ¶ 56; Muckey Decl., ¶ 30, Ex. G.

**Local 802's Response to ¶ 27**:

Refers to the document for its contents. Local 802 does not dispute that the document includes the language quoted above.

28. Then, on April 18, 2024, Mr. Ginstling sent an email addressed to the "New York Philharmonic Community" which stated, in pertinent part, the following:

> 1. At my direction, the Philharmonic has engaged Katya Jestin, co-managing partner of the law firm Jenner & Block, to launch an independent investigation into the culture of the New York Philharmonic in recent years. Katya has extensive experience handling sexual misconduct investigations and related matters involving extremely sensitive interviews. I am empowering Katya to look at everything and to leave no stone unturned, including any new allegations as they are reported. I pledge to share the recommendations with our board, our staff and our musicians as well as with the general public. More details on the process will be coming shortly.

> 2. For the time being, musicians Matthew Muckey and Liang Wang are not being assigned to any Philharmonic activity as we work through this process, and a decision about their future with the New York Philharmonic will be made in due course….

Compl., ¶ 58; Muckey Decl., ¶ 31, Ex. H.

**Local 802's Response to ¶ 28**:

Refers to the document for its contents. Local 802 does not dispute that the document includes the language quoted above.

29. The next day, on April 19, 2024, Mr. Ginstling sent an email to the Philharmonic musicians regarding the retention of "an investigator to investigate new allegations of sexual harassment, violence and/or abuse alleged to have been committed by any musicians employed by the Philharmonic." Muckey Decl., ¶ 33, Ex. I.

**Local 802's Response to ¶ 29**:

Refers to the document for its contents. Local 802 does not dispute that the document includes the language quoted above.

30. Also, on April 19, 2024, Mr. Robbins sent an email to Mr. Wang's attorney, Alan Lewis, which stated in pertinent part as follows:

> … Mr. Wang should not report to rehearsals or performances until further notice, I would like to clarify that this means they should not come into David Geffen Hall. If your client would like access to the building for some reason, please contact me about making such arrangements.

Muckey Decl., ¶ 34; Gerrald Decl. Ex. C.

**Local 802's Response to ¶ 30**:

Refers to the document for its contents. Local 802 does not dispute that the document includes the language quoted above.

31. Mr. Muckey was already assigned to participate in Philharmonic concerts, projects and tours as follows:

    i. Concerts on the calendar for the 2023/2024 season;

    ii. Philharmonic's Spring Gala on April 24, 2024;

    iii. an inaugural orchestral concert of Composing Inclusion, a partnership of the Juilliard Preparatory Division, sponsored by the Philharmonic;

    iv. an All-City Orchestra coaching project sponsored by the Philharmonic;

    v. tour in China; and

    vi. tour in Vail.

Compl., ¶¶ 61-63, 87, 111, 135, 147; Muckey Decl., ¶¶ 20-23, Ex. B, C, D and E.

**Local 802's Response to ¶ 31**:

Admits that Plaintiff had initially been scheduled to perform in certain concerts in the 2023-2024 season and at the Society's Spring Gala. Admits that Plaintiff had entered memoranda of agreement with the Society to participate in the Composing Inclusion and All-City Orchestra events. Admits that Plaintiff had originally been scheduled to participate in the Society's China and Vail tours.

32. Mr. Muckey received, completed and returned the VISA application, travel reservations and other forms received from the Philharmonic to attend the tours in China and Vail. Muckey Decl., ¶ 22.

**Local 802's Response to ¶ 32**:

Denies knowledge or information as to whether Plaintiff received, completed or returned VISA applications, travel reservations, and other forms received from the Society to attend the China and Vail tours.

33. Since April 13, 2024, Mr. Muckey has not been permitted to perform in any of the aforementioned concerts, projects, gala and tours. Compl., ¶¶ 20, 62; Muckey Decl., ¶ 27.

**Local 802's Response to ¶ 33**:

Disputes Plaintiff's characterization that he has not been "permitted" to perform, but rather states that the Society placed Plaintiff on paid administrative leave pending investigation of certain allegations of sexual misconduct and harassment and has not assigned Plaintiff to perform in any rehearsals or performances during the pendency of its investigation. *See* Local 802's Response to ¶43.

34. Mr. Muckey's attorneys sent a letter dated April 18, 2024 to Susan Davis, Esq. ("Ms. Davis"), counsel for Local 802 which stated in pertinent part as follows:

> … we hereby demand that the Union protect Mr. Muckey's rights as determined by the binding arbitration decision, perform its duty of fair representation, and take all the necessary steps to fully restore Mr. Muckey to performing in his position as the Associate Principal and Third Trumpet of the Philharmonic. It is our earnest hope that the Union will reconsider its position so that Mr. Muckey will not have to resort to other remedies.

Compl., ¶ 74; Muckey Decl., ¶ 46, Gerrald Decl. at Exh. F.

**Local 802's Response to ¶ 34**:

Admits that Plaintiff sent a letter to Local 802 counsel on April 18, 2024 and refers to the letter for its contents. Gerrald Decl. Ex. F.

35. On April 18, 2024, Ms. Davis responded as follows:

> If… Mr. Muckey would like the Union to do something in response to the Philharmonic's action, the proper course is for him to reach out to the Union, which he has not done. If he wishes to do so, he should contact Dan Point at dpoint@local802afm.org and the Union will evaluate his request at that time. Local 802 prefers to speak directly to its members, rather than through communications between counsel.

Compl., ¶ 75; Muckey Decl., ¶ 47, Gerrald Decl. at Exh. G.

**Local 802's Response to ¶ 35**:

Admits that Local 802 counsel responded to Plaintiff's letter on April 18 and refers to the letter for its contents. Gerrad Decl. Ex. G. The letter stated in part:

> *First*, we strenuously disagree with your claim that the Union has breached its duty of fair representation. Mr. Muckey has not spoken to anyone at the Union to request that Local 802 take any action on his behalf. Additionally, The Philharmonic has advised Local 802 that Mr. Muckey is being paid in full during this period. If, nonetheless, Mr. Muckey would like the Union to do something in response to the Philharmonic's action, the proper course is for him to reach out to the Union, which he has not done. If he wishes to do so, he should contact Dan Point at dpoint@local802afm.org and the Union will evaluate his request at that time. Local 802 prefers to speak directly to its members, rather than through communications between counsel.

*Id.*

36. On April 19, 2024, Mr. Muckey sent an email directly to Local 802 which stated in pertinent part as follows:

> ….the Union must immediately act on my behalf to force the New York Philharmonic to comply with the arbitration award so that I am returned to the orchestra.

Compl., ¶ 76; Muckey Decl., ¶ 48, and Exh. J.

**Local 802's Response to ¶ 36**:

Admits that Muckey sent a letter to Local 802 on April 19, 2024 and refers to the letter for its contents. Pl. Decl. Ex. J.

37. Local 802 did not respond directly to Mr. Muckey but, instead, on April 26, 2024, Ms. Davis responded to Mr. Hyman in pertinent part as follows:

> …The NY Philharmonic engaged an investigator to determine whether there were any new or different allegations of sexual misconduct by any members of the Orchestra, including your client. Local 802 has determined to await the outcome of that investigation before determining how to proceed here.

Compl., ¶ 77-78; Muckey Decl., ¶ 49, Gerrald Decl. at Exh. H.

**Local 802's Response to ¶ 37**:

Admits that Local 802 counsel sent a letter to Plaintiff's counsel on April 26, 2024 and refers to the letter for its contents. Gerrald Decl. Ex. H. The letter stated in part:

> Mr. Muckey requested the Union to "enforce the award of the arbitrator Richard Bloch dated April 4, 2020." That award, as you know, required the New York Philharmonic to "reinstate[ ] the grievants and [make them] whole for all contractual benefits lost, including full back pay and seniority." The New York Philharmonic fully complied with the award more than four years ago. The award certainly does not give Mr. Muckey a guarantee of lifetime employment regardless of whether new allegations of wrongdoing or different circumstances araise. In any event, the collective bargaining agreement mandates that members of the Orchestra be "employed" for 52 weeks each year; it does not guarantee that members attend any or all scheduled performances and rehearsals. Mr. Muckey is receiving full pay and benefits.
>
> Additionally, on April 17, 2024, the NY Philharmonic engaged an investigator to determine whether there were any new or different allegations of sexual misconduct by any members of the Orchestra, including your client. Local 802 has determined to await the outcome of that investigation before determining how to proceed here.

*Id.*

38. On May 21, 2024, Mr. Robbins sent an email to Mr. Muckey's attorney which stated as follows:

> Please note that your client, Mr. Muckey, remains on a paid leave pending the completion of the Philharmonic's ongoing investigation into allegations of sexual harassment or otherwise inappropriate conduct by musicians or other current employees of the Philharmonic. As that investigation has not yet been completed, the Philharmonic will not be sending Mr. Muckey to China or to China to perform given that the Philharmonic must soon finalize rosters and logistics for both trips. I will contact you following completion of the investigation.

Muckey Decl., ¶ 36, Gerrald Decl. at Exh. D.

**Local 802's Response to ¶ 38**:

Refers to the document for its contents. Local 802 does not dispute that the document includes the language quoted above.

39. On May 28, 2024, Mr. Robbins sent an email to Mr. Muckey's attorney, Steven J. Hyman, Esq. ("Mr. Hyman") which stated as follows:

> Mr. Hyman—
>
> Please note that Mr. Muckey should not attend meetings (including meetings scheduled for tomorrow, May 29) at the Philharmonic, not just rehearsals and performances, during the period of his paid leave of absence.
>
> Please let me know if you have any questions.

Muckey Decl., ¶ 38, Gerrald Decl. at Exh. E.

**Local 802's Response to ¶ 39**:

Refers to the document for its contents. Local 802 does not dispute that the document includes the language quoted above.

40. Local 802 has not sought to enforce the Award or otherwise challenge the Philharmonic's barring Mr. Muckey from its hall, concerts, projects, tours, meetings, and other Philharmonic activities. Compl. ¶ 73, 82; Muckey Decl., ¶ 44.

**Local 802's Response to ¶ 40**:

Admits that Local 802 has not sought enforcement of the Award because the Society has already fully complied with its mandate. *See* Pl. Decl. ¶19. Disputes Plaintiff's characterization of the Society's decision to place Plaintiff on paid administrative leave as a "barring" and states that Local 802 has informed Plaintiff that it will await the outcome of the Society's investigation before determining how to proceed. Gerrald Decl. Ex. H; *see also* Local 802 Response to ¶43.

41. Local 802's President, Sara Cutler ("Ms. Cutler") stated in *The New York Times* article published on April 15, 2024, that the decision to keep Mr. Muckey (along with Liang Wang) offstage "are good first steps but they can't be the last." Compl. ¶ 67; Muckey Decl., ¶ 58, Ex. K.

**Local 802's Response to ¶ 41**:

Refers to the April 15, 2024 *New York Times* article for its contents. Muckey Decl. Ex. K. The article stated in part:

> She said in a statement on Monday that the decision to keep Mr. Wang and Mr. Muckey offstage *for the time being* "are good first steps but they can't be the last."

*Id.* (emphasis added).

42. Ms. Cutler also stated that she was "horrified by what was in the [*Vulture*] story and we are committing the full resources of Local 802 to erase the culture of complicity that has raged at the N.Y. Philharmonic for too long" and that the Union "supported the new inquiry." Compl. ¶¶ 70-71; Muckey Decl., ¶ 59, Ex. K.

**Local 802's Response to ¶ 42**:

Refers to the April 15, 2024 *New York Times* article for its contents. Admits that the article includes the following quote from Cutler:

> As a woman, a musician and a new union president . . . I am horrified by what was in the story and we are committing the full resources of Local 802 to erase the culture of complicity that has raged at the N.Y. Philharmonic for too long."

*Id.* Disputes that Local 802 stated in the *New York Times* article on April 15, 2024 that the Union "supported the new inquiry." This statement does not appear in the article. *Id.*

43. Other than Mr. Muckey and Wang, no other musician in the Philharmonic has been suspended pending the investigation into the Philharmonic's culture. Muckey Decl., ¶ 41.

**Local 802's Response to ¶ 43:**

Disputes that Plaintiff and Wang have been "suspended" pending the investigation in the Society's culture. The Society placed Plaintiff and Wang on paid administrative leave pending the results of the investigation. *See*, *e.g*., Gerrald Decl. Ex. D (5/21/24 Email from Society Counsel to Plaintiff's Counsel) ("Please note that your client, Mr. Muckey, remains on *paid leave pending the completion of the Philharmonic's ongoing investigation . . .*") (emphasis added); *Id.* Ex. B (4/13/24 Email from Society Counsel to Plaintiff's Counsel) ("I am writing to confirm that Mr. Muckey should not attend Philharmonic rehearsals or performances until further notice"); Pl. Decl. Ex. G (4/13/24 Email from then Society CEO to Orchestra) ("Please note that for the time being Matthew Muckey and Liang Wang will not be at rehearsals or performances"); *Id.* Ex. H (4/18/24 Email from then Society CEO to Philharmonic Community) ("At my direction, the Philharmonic has engaged Katya Jestin, co-managing partner of the law firm Jenner & Block, to launch an investigation into the culture of the New York Philharmonic…For the time being, musicians Matthew Muckey and Liang are not being assigned to any Philharmonic activity as we work through this process…"); Gerrald Decl. Ex. E (5/28/24 Email from Society Counsel to Plaintiff's Counsel) ("Mr. Muckey should not attend meetings … during the period of his paid leave of absence") (emphasis added). A determination as to whether Plaintiff's placement on paid administrative leave constitutes discipline is a legal rather than factual issue. Admits that no other musicians in the Orchestra have been placed on paid administrative leave during the pendency of the investigation.

# RULE 56.1 STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS OF DEFENDANT ASSOCIATED MUSICIANS OF GREATER NEW YORK, LOCAL 802, AFM

1. Since the 2020 arbitration award concerning the 2018 terminations of Plaintiff and Wang was confidential, many Orchestra members learned of the allegations against Plaintiff and Wang for the first time when they read the 2024 Vulture article. Cutler Decl. ¶4.

2. Within hours of the publication of the Vulture article, Local 802 became aware that numerous Local 802-represented musicians in the Orchestra had expressed safety concerns about continuing to work alongside Plaintiff and Wang. Some of these musicians stated that they would refuse to take the stage if Plaintiff and Wang continued to perform. Cutler Decl. ¶5.

3. Local 802-represented members of the Orchestra also expressed the belief that the allegations against Plaintiff and Wang in the article were not isolated incidents and that prior complaints made by musicians in the Orchestra had not been taken seriously. Cutler Decl. ¶6.

4. On April 13, 2024, the Orchestra Committee of the New York Philharmonic issued the following statement:

> In light of recent events, we, the Orchestra Committee of the New York Philharmonic, believe it is imperative that you hear our voices.
>
> We wholeheartedly denounce and find abhorrent all conduct that violates and degrades the women in our Orchestra. Such conduct is an affront to women everywhere. It must never be tolerated.
>
> We call on our fellow musicians and the Philharmonic-Symphony Society to provide a safe environment so that no one is afraid to come to work.

Cutler Decl. ¶7, Ex. A.

5. The current collective bargaining agreement between the Society and Local 802 was entered in 2020 with a term from September 21, 2020 to September 20, 2024. Cutler Decl. ¶8, Ex. B.

Dated: New York, New York
       Septenber 18, 2024

                Respectfully submitted,

                */s/ Susan Davis*
                Susan Davis
                Olivia R. Singer
                COHEN, WEISS AND SIMON LLP
                909 Third Avenue, 12th Floor
                New York, New York 10022-4869
                (212) 563-4100
                sdavis@cwsny.com

                *Attorneys for Defendant Associated Musicians of Greater New York, Local 802, American Federation of Musicians*