# CARTER LEDYARD MILBURN

**Alan S. Lewis**
Partner
lewis@clm.com

28 Liberty Street, 41st Floor
New York, NY 10005
D / 212-238-8647

July 29, 2024

*The Court apologizes that this request fell through the cracks, but it is GRANTED nunc pro tunc.*

*The Clerk of Court is directed to terminate the motion at Dkt. 35.*

*SO ORDERED.*

*Arun Subramanian, U.S.D.J. Dated: September 20, 2024*

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:   *Wang v. The Philharmonic-Symphony Society of New York, Inc., et al.*
      Case No. 1:24-cv-03356 (AS) (RWL) [Rel: Case No. 1:24-cv-03348 (AS) (RWL)]

Dear Judge Subramanian:

Mr. Wang anticipates filing, later today, a single *combined* memorandum of law of approximately 46 pages that briefs each Defendant's motion to dismiss as well as Mr. Wang's motion for partial summary judgment. To the extent permission is necessary for our proposed combined memorandum of law, we respectfully seek such permission.

Because the Court does not have a specific rule for the length of combined filings, we reached out to Defendants on that subject. Defendants did not directly state a position regarding *the length* of our combined memorandum of law, and instead objected conceptually to our filing of a combined memorandum. Defendants objected that because their motions to dismiss contain *some* distinct arguments (in addition to the arguments they each make that are the same as the other) that it would be "inappropriate" for Mr. Wang to address Defendants' dismissal arguments in one memorandum of law. Likewise, Defendants objected to Wang's inclusion of his summary judgment arguments in the same memorandum of law because summary judgment is "distinct" from a motion to dismiss. Finally, Defendants are concerned that if Wang can avoid having to repeat his statement of facts in three separate memoranda, he might use some of the pages saved through the avoidance of repetition to be able to make a "longer substantive argument." A copy of the email from Joshua Fox, articulating these objections (in which the Union joined), is attached.

Respectfully, it is neither inappropriate nor unusual, when responding to related but distinct claims separately asserted by different parties, to do so in the same responsive brief. For example, where codefendants file criminal appeals that raise distinct legal issues, the Government will regularly request and receive permission to file a combined brief that exceeds the Court of Appeals' ordinary word limitations. Wang's request is not conceptually different.

**CARTER LEDYARD MILBURN**

-2-

    Thus, to the extent permission is required to file a combined memorandum of law, we respectfully seek permission to file a memorandum no longer than 46 pages. Such a combined memorandum would be almost 20 pages shorter than the 65 total pages that would be permitted under the Court's rules, if we were instead to file three separate memoranda of law. By filing a single memorandum, we can avoid having to make numerous cross references between three memoranda, or the need to repeat facts and legal discussion in the three memoranda common to each of the three motions.

                                                   Respectfully,

                                                   Alan S. Lewis

ASL:bp
Attachment

| | |
|---|---|
| **From:** | Fox, Joshua S. <jfox@proskauer.com> |
| **Sent:** | Friday, July 26, 2024 5:40 PM |
| **To:** | Lewis, Alan S. |
| **Cc:** | Olivia R. Singer; Jacqueline Gerrald; Steve Hyman; Robbins, Howard Z.; Blutman, Alexander J.; Susan Davis; Meara, Karen E. |
| **Subject:** | Re: Wang v. The Philharmonic-Symphony Society of New York, Inc. et al - request to file oversize memorandum of law |

We do not consent to the request for several reasons.  First, the motions to dismiss contain distinct legal claims and defenses as to each defendant, and we believe it would be inappropriate to combine them in one memorandum of law.  Second, with respect to the anticipated summary judgment motion, although we do not know what will be argued, it is also a distinct motion from the motions to dismiss that should not be combined.  Third, if there is one statement of facts in an omnibus memorandum of law, then that effectively provides Plaintiff with a far longer substantive argument section that Defendants each managed within for purposes of their motions to dismiss.  We also note that it is unreasonable to press this request on us on the eve of filing, particularly given the length of time Plaintiff had to prepare the submissions.