# CARTER LEDYARD MILBURN

**Alan S. Lewis**
Partner
lewis@clm.com

28 Liberty Street, 41st Floor
New York, NY 10005
D / 212-238-8647

April 15, 2026

**BY ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re: *Wang v. The Philharmonic-Symphony Society of New York, Inc. et al.*,
Case No. 1:24-cv-03356 (AS); *Muckey v. Associated Musicians of
Greater New York, Local 802, et al.*, Case No. 1:24-cv-03348 (AS)

Dear Judge Subramanian:

On behalf of both plaintiffs we respond to a letter from Susan Davis, counsel to Local 802, filed earlier this afternoon. It is unfortunate that Ms. Davis has unilaterally decided to burden the Court with her perspective on the parties' ongoing discussions about whether, and under what circumstances, to engage in mediation.[1] While Ms. Davis's letter does not seek any relief from the Court, it is filled with inaccuracies and mischaracterizes the parties' discussion and Plaintiffs' position regarding mediation.

One of the remedies that Plaintiffs hope to achieve in this case, and in mediation, is reinstatement to their former tenured positions in the orchestra. Therefore, Plaintiffs have conditioned their willingness to mediate on Defendants not hiring replacements for the positions held by Plaintiffs *before or during the mediation*. Thus, Plaintiffs are willing to proceed to mediation, but not if the Philharmonic seeks to change the facts on the ground, just as the parties are entering into the mediation, by preventing Plaintiffs from obtaining a remedy that they would seek through that mediation.

Ms. Davis characterizes Plaintiffs' position as that Plaintiffs are demanding that the Philharmonic "halt all auditions" for Plaintiffs' positions. But Plaintiffs have never conditioned their willingness to participate in mediation *on the conduct of auditions*. Instead and to preserve the *status quo* going into mediation, Plaintiffs make only the more limited demand that their positions not be filed with replacements, before the mediation has run its course.

---

[1] Ostensibly, Ms. Davis filed her letter "pursuant" to the Court's Order at Dkt. No. 117, but that order, in directing the parties to "notify the Court whether they are open to mediation" did not invite the parties to send individual letters purporting to paraphrase and criticize the positions taken by other parties on that subject.

4934-6013-6098.v2

# CARTER LEDYARD MILBURN

Ms. Davis's letter also contends that the Plaintiffs had not raised this issue until "yesterday" (by email).  However, the first of two emails we sent yesterday stated that, as "made clear during last week's Zoom [] for Plaintiffs to agree to mediate, the Philharmonic must agree not to fill the Plaintiffs' positions while the mediation is ongoing."  The second email sent yesterday reiterated that "We began last week's Zoom conference by stating, unambiguously, that Plaintiffs will not agree to participate in mediation, unless the Philharmonic commits to not hire replacements for them while the mediation is ongoing and before it is concluded."

Mr. Wang's and Mr. Muckey's positions in the orchestra have been open for more than three years during which each of them were not performing in the orchestra—first, between their dismissals in September, 2018 through their reinstatement in April, 2020, and again, during the two-year period since they were excommunicated from the orchestra in April of 2024.  This chronology makes it plain that there is no emergency that compels the Philharmonic to suddenly fill those positions now, just as the parties are otherwise ready to participate in mediation.

Respectfully,

/s/ Alan S. Lewis

Alan S. Lewis

ASL:bp

cc:    All Counsel of Record (via ECF)

4934-6013-6098.v2